IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ANN JOHNSON | § | |
| | § | |
| V. | § | No. 5:11CV171 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, ET AL. | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Ann Johnson ("Plaintiff") brings this lawsuit against the Texas Department of Criminal Justice ("TDCJ") as well as Dawn Grounds, Tori Scott, and Robert Eason, in their individual capacities (collectively "Defendants"). Plaintiff asserts claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. § 1983. Plaintiff alleges generally that "Defendants" deprived her "of the equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Am. Compl. at ¶37. Specifically, Plaintiff alleges Defendants discriminated and retaliated against her on the basis of race, African-American.

## REPORT AND RECOMMENDATION

On March 5, 2012, the Magistrate Judge issued a Report and Recommendation,

recommending Defendant TDCJ's Partial Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) be granted and that the following claims be dismissed with prejudice: (1) Plaintiff's Title VII claims against Defendants as individual TDCJ employees; (2) Plaintiff's retaliation claims under Title VII and 42 U.S.C. § 1983; (3) Plaintiff's negligence claims under Title VII and 42 U.S.C. § 1983; (4) Plaintiff's claim for punitive damages against TDCJ; (5) Plaintiff's 42 U.S.C. § 1983 claims of race discrimination against the individually named Defendants; and (6) Plaintiff's claims for negligent hiring, supervision, training, and retention.

The Magistrate Judge also recommended Defendant Grounds, Scott, and Eason's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) be denied without prejudice to refiling, if warranted, after Plaintiff has filed a Rule 7(a) reply.

## PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Magistrate Judge's requirement that she file a Rule 7(a) reply. According to Plaintiff, Defendants have not plead their qualified immunity defense with particularity, and Plaintiff cannot tailor a reply which more specifically delineates facts regarding the personal involvement of each individual defendant.

## *DE NOVO* REVIEW

Neither Plaintiff nor Defendants objected to the part of the Magistrate Judge's Report and Recommendation, recommending TDCJ's partial motion be granted and that Defendant Grounds, Scott, and Eason's motion to dismiss be denied without prejudice to refiling. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

The Court now considers Plaintiff's objections regarding the non-dispositive part of the

Report and Recommendation, wherein the Magistrate Judge ordered Plaintiff to file a Rule 7(a) reply with additional information regarding each defendant's personal involvement in each type of claim asserted by Plaintiff. Plaintiff asserts she cannot provide more specific information given the allegations contained in Defendants' answers. She further requests discovery be allowed to continue or, alternatively, that the Court order discovery be narrowed to the issue of qualified immunity.

The Court first notes that the Magistrate Judge, in granting Defendants' motion for a Rule 7(a) reply, did not order that discovery be suspended until Plaintiff's additional factual assertions show there are material fact issues pertinent to Defendant's immunity defense. Rather, the Magistrate Judge ordered Plaintiff to file a Rule 7(a) reply in response to Defendants' assertions of qualified immunity within twenty days from the date of the Report and Recommendation.

FED. R. CIV. P. 72(a) provides the district judge to whom the case is assigned shall consider objections and shall modify or set aside any portion of a magistrate judge's non-dispositive matter found to be clearly erroneous or contrary to law. *See also* 28 U.S.C. § 636(b)(1)(A). The Court is not convinced the Magistrate Judge's order requiring Plaintiff to file a Rule 7(a) reply is clearly erroneous or contrary to law. However, the Court will allow Plaintiff additional time in which to file her Rule 7(a) reply. Accordingly, it is hereby

**ORDERED** that Defendant Texas Department of Criminal Justice's Partial Motion to Dismiss Under FED. R. CIV. P. 12(b)(1) and 12(b)(6) in Response to Plaintiff's First Amended Complaint (Dkt. No. 13) is **GRANTED**. It is further

**ORDERED** that the following claims are dismissed with prejudice: (1) Plaintiff's Title VII claims against Defendants as individual TDCJ employees; (2) Plaintiff's retaliation claims under Title VII and 42 U.S.C. § 1983; (3) Plaintiff's negligence claims under Title VII and 42 U.S.C. **§**

1983; (4) Plaintiff's claim for punitive damages against TDCJ; (5) Plaintiff's 42 U.S.C. § 1983 claims of race discrimination against the individually named Defendants; and (6) Plaintiff's claims for negligent hiring, supervision, training, and retention. It is further

**ORDERED** that Defendant Dawn Grounds, Tori Scott, and Robert Eason's Motion to Dismiss under FED. R. CIV. P. 12(b)(6) in response to Plaintiff's Amended Complaint (Dkt. No. 19) is hereby **DENIED WITHOUT PREJUDICE TO REFILING**. It is further

**ORDERED** that Plaintiff shall file, within sixty days from the date of entry of this Order, a Rule 7(a) reply in response to Defendants' assertions of qualified immunity. Plaintiff shall delineate specific, concrete facts and dates that support the allegations made in Plaintiff's Amended Complaint and pertain to the alleged violation of Plaintiff's rights by these defendants in contravention of 42 U.S.C. § 1983. Further, Plaintiff shall clearly plead the facts regarding each defendant's personal involvement in each type of claim asserted by Plaintiff.

**It is SO ORDERED.**

**SIGNED this 28th day of March, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE